UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEDWIN CASTRO,

                Petitioner.        **ORDER**
                                          14-CR-3678 (ADS)
        -against-

CHARLES SAMUEL, JR.,

                Respondent.
----------------------------------------------------------X

**APPEARANCES:**

**Ledwin Castro, pro se**
68721-053
Big Sandy
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 2068
Inez, KY 11224

**Jeremy Pinson, pro se**
16267-064
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

**United States Attorney's Office**
*Attorneys for the Respondent*
610 Federal Plaza
Central Islip, NY 11722
    By:   John Joseph Durham, AUSA

**SPATT, District Judge.**

On June 5, 2014, a petition under 28 U.S.C. § 2255 for writ of habeas corpus was filed on behalf of Ledwin Castro ("Castro"). Castro has been convicted of conspiracy to commit assault with a dangerous weapon, 18 U.S.C. § 1958(a)(6); assault with a dangerous weapon, 18 U.S.C. § 1959(a)(3); and the use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1), in

connection with a number of shootings that occurred on June 18, 2003. He is currently serving a sixty year sentence at a federal prison in Kentucky.

The petition claims that "Jeremy Pinson and Mikeal Stine were present or involved in the June 18, 2003 shootings of Ricardo Ramirez, Doug Sorto and Carlton Alexander. Pinson, a violent gangster, had cooperated since 2002 on and office [sic] with the FBI and U.S. Attorney. The Dept. of Justice never informed the Petitioner [Castro] these individuals hadnt [sic] been charged in the shooting and withheld exculpatory evidence from Petitioner's counsel." (Dkt. No. 1.)

However, while the petition appears to be signed by Castro, the signature does not match the signature used by Castro in previous filings that he has made in connection with his criminal case. Moreover, the handwriting used in the instant petition is remarkably similar to the handwriting of Jeremy Pinson ("Pinson"), who has recently filed a letter in the underlying criminal action. In his letter, Pinson claims that he provided evidence to the attorneys for Castro and the other criminal defendants, which the Government allegedly withheld. Lastly, the petition was mailed to Court directly from Jeremy Pinson. Pinson is presently incarcerated at a federal prison in Colorado.

As such, it appears to the Court that Pinson, pro se, may have filed this petition on behalf of Castro. In fact, the Court is unable to determine whether Castro is even aware of this petition. Be that as it may, "a non-attorney cannot represent someone else pro se." New York ex rel. Fox v. Fed. Bureau of Prisons, 08-CV-4816 (SLT), 2008 WL 5191843, at *1 (E.D.N.Y. Dec. 5, 2008) (quoting United States v. Robinson, No. SA-06-MC-781-XR, 2007 WL 649010, at *3 (W.D.Tex. Mar.1, 2007)); see also Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) ("[A]n

individual may not be represented in court by another person who is not an attorney."). Thus, for this reason, the Court dismisses the petition and directs the Clerk of the Court to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
June 20, 2014

                                                                                                               */s/ Arthur D. Spatt*
                                                                                           ARTHUR D. SPATT
                                                                      United States District Judge